**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**Alger CALALLERO et al., Defendants-**
**Appellees.**

**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**Tessie ANTONUK et al., Defendants-**
**Appellees.**

**Nos. 73–1174, 73–1175.**

United States Court of Appeals,
Sixth Circuit.

Decided Oct. 10, 1974.

Ralph B. Guy, U. S. Atty., Detroit, Mich., Sidney M. Glazer, George S.

---

Kopp, Henry E. Peterson, John J. Robinson, U. S. Dept. of Justice, Washington, D. C., Lawrence Leff, Special Atty., Dept. of Justice, Detroit, Mich., for plaintiff-appellant.

Michael Kranson, Detroit, Mich., John T. Carano, Lathrup Village, Mich., Hank Fischer, Royal Oak, Mich., Ronald L. Greenberg, Southfield, Mich., Frank G. Garavaglia, Fred R. Walker, George E. Woods, Henry P. Onrich, Harry B. Bockoff, S. Allen Early, Carl Zeimba, V. Mosser Dunn, Eldon Leroy Casteel, Detroit, Mich., G. F. Lindeborg, Madison Heights, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, PECK and LIVELY, Circuit Judges.

### PER CURIAM.

By an order entered April 26, 1973 decision of these cases was deferred pending action by the Supreme Court of the United States on cases involving the same issues. These appeals are now before a panel of this court pursuant to Rule 3(e), Rules of the Sixth Circuit.

■ Upon examination of the records of the two appeals it appears that the district court granted suppression of all wiretap evidence obtained by the government pursuant to authorizations dated December 23, 1970, January 11, 1971 and February 1, 1971. The authorization order for interception of communications entered by the district court on December 23, 1970 was made on the basis of an application filed in the district court pursuant to approval of a request submitted to the Attorney General of the United States on December 22, 1970. If further appears that this request for authority to apply for an intercept order was approved by Sol Lindenbaum, Executive Assistant to the Attorney General, rather than by the Attorney General himself. In United States v. Giordano, — U.S. —, 94 S.Ct. 1820, 40 L.Ed.2d 341 (decided May 13, 1974), the Supreme Court held that 18 U.S.C. § 2516 may not be construed to permit the Attorney General to delegate authority to approve applications for wiretap authorizations to anyone other than an assistant attorney general. Therefore the district court properly suppressed all communications which were intercepted pursuant to the order of December 23, 1970.

■ The record further discloses that the order of January 11, 1971, was an extension of the intercept order of December 23, 1970. Even though the authorization to apply for this extension order was approved by the Attorney General, under the ruling in *Giordano* communications intercepted pursuant to this extension order were also properly suppressed by the district court.

■ The record discloses that the intercept order entered by the district court on February 1, 1971 was based on an authorization approved by the Attorney General for an application to the district court for a separate intercept order. Both the affidavits of the requesting attorney and of the FBI agent in charge of the investigation which led to this request for wiretap authorizations refer to information intercepted as a result of the surveillance conducted pursuant to the authorization of December 23, 1970 and the extension order of January 11, 1971 as providing probable cause for the issuance of the separate interception order of February 1, 1971. In United States v. Wac, 498 F.2d 1227, this court held that a separate application for an intercept order which is based on information derived from an illegal earlier order is subject to suppression under 18 U.S.C. § 2515.

Holding as we do that these two appeals are controlled by the decision of the Supreme Court in United States v. Giordano, *supra,* and of this court in United States v. Wac, *supra,* we conclude that it is manifest that the questions on which the decision of the court depends are so unsubstantial as not to require further argument. Rule 8, Rules of the Sixth Circuit.

The judgment of the district court is affirmed.